**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | | |
|---|---|---|
| THE STATE OF FLORIDA<br>By Attorney General Pamela Jo Bondi | ) ) ) | |
| THE STATE OF MAINE<br>By Attorney General Janet T. Mills | ) ) | |
| THE STATE OF MISSOURI<br>By Attorney General Chris Koster | ) ) ) | |
| THE STATE OF ALABAMA<br>By Attorney General Luther Strange | ) ) ) | |
| THE STATE OF INDIANA<br>By Attorney General  Gregory F. Zoeller | ) ) ) | |
| THE STATE OF IOWA<br>By Attorney General Thomas J. Miller | ) ) ) | Civil Case No. _____ |
| THE STATE OF MARYLAND<br>By Attorney General Brian E. Frosh | ) ) ) | |
| THE COMMONWEALTH OF<br>MASSACHUSETTS<br>By Attorney General Maura Healey | ) ) ) ) | |
| THE STATE OF MISSISSIPPI<br>By Attorney General Jim Hood | ) ) ) | |
| THE STATE OF NEBRASKA<br>By Attorney General Douglas J. Peterson | ) ) ) | |
| THE STATE OF OKLAHOMA<br>By Attorney General E. Scott Pruitt | ) ) ) | |
| THE COMMONWEALTH OF PENNSYLVANIA<br>By Attorney General Kathleen Kane | ) ) ) | |
| THE STATE OF TENNESSEE<br>By Attorney General Herbert H. Slatery III | ) ) ) | |
| THE STATE OF VERMONT<br>By Attorney General William H. Sorrell | ) ) ) | |

THE COMMONWEALTH OF VIRGINIA            )
By Attorney General Mark R. Herring     )
                                        )
THE STATE OF UTAH                       )
By Attorney General Sean D. Reyes       )
                                        )
THE STATE OF WEST VIRGINIA              )
By Attorney General Patrick Morrisey    )
                                        )
                          Plaintiffs,   )
                                        )
                  vs.                   )
                                        )
DOLLAR TREE,  INC.,                     )
a corporation;                          )
                                        )
and                                     )
                                        )
FAMILY DOLLAR STORES, INC.,             )
a corporation                           )
                                        )
                          Defendants.   )
_____ )

## COMPLAINT

The States of Florida, Maine, Missouri, Alabama, Indiana, Iowa, Maryland, Mississippi, Nebraska, Oklahoma,  Tennessee, Vermont, Utah, and West Virginia, and the Commonwealths of Massachusetts, Pennsylvania, and Virginia, by and through their Attorneys General, ("Plaintiff States") for their complaint herein allege:

## I.  NATURE OF THE COMPLAINT

1.        Plaintiff States bring this civil antitrust action to challenge the merger of two of the largest discount general merchandise retail stores.  Plaintiff States allege that the proposed acquisition of Family Dollar Stores, Inc. ("Family Dollar") by Dollar Tree, Inc. ("Dollar Tree") would substantially lessen competition in numerous markets in violation of Section 7 of the Clayton Act,  15 U.S.C § 18 and in violation of Plaintiff States' applicable

state laws.

2.        Plaintiff States seek permanent injunctive relief to prevent, restrain, and/or

remedy the adverse effects on competition and consequent harm to the public interest that

would result from Dollar Tree's acquisition of Family Dollar.

## II. PARTIES, JURISDICTION, AND VENUE

3.        Each Plaintiff State is a sovereign state of the United States.  This action is filed

on behalf of the Plaintiff States by their respective Attorneys General, each of whom is

accorded the requisite authority under Section 16 of the Clayton Act, 15 U.S.C. § 26. The

Plaintiff States also bring this action in their sovereign capacities and as *parens patriae* on

behalf of the citizens, general welfare and economy of each of their states to prevent and

restrain Dollar Tree and Family Dollar from violating Section 7 of the Clayton Act, the state

statues cited herein and common law.  This authority is buttressed by equitable and common

law power vested in the Attorney General and other powers conferred by state law.

4.        Defendant Dollar Tree is a corporation organized, existing, and doing

business under and by virtue of the laws of the Commonwealth of Virginia with its

headquarters and principal place of business located at 500 Volvo Parkway, Chesapeake,

Virginia.

5.        Dollar Tree is, and at all relevant times has been, engaged in "commerce" as

defined in Section 1 of the Clayton Act, 15 U.S.C. § 12.

6.        Defendant Family Dollar is a corporation organized, existing, and doing

business under and by virtue of the laws of the State of Delaware with its headquarters and

principal place of business located at 10401 Monroe Road, Matthews, North Carolina.

7.        Family Dollar is, and at all relevant times has been, engaged in "commerce"

as defined in Section 1 of the Clayton Act, 15 U.S.C. § 12.

### III. THE ACQUISTION

8.        Pursuant to an Agreement and Plan of Merger dated as of July 27, 2014, as
amended on September 4, 2014, Dollar Tree proposes to purchase all issued and
outstanding common stock of Family Dollar in a transaction valued at approximately $9.2
billion ("the Acquisition").

### IV. THE RELEVANT PRODUCT MARKET

9.        The relevant line of commerce in which to analyze the Acquisition is no
narrower than discount general merchandise retail stores. "Discount general merchandise retail
stores" means small-format, deep-discount retailers that sell an assortment of consumables and
non-consumables, including food, home products, apparel and accessories, and seasonal items,
at prices typically under $10 (*i.e.*, dollar stores) and the retailer Wal-Mart.

10.        In certain geographic markets the relevant line of commerce may be as
broad as the sale of discounted general merchandise in retail stores (*i.e.*, discount
general merchandise retail stores as well as supermarkets, pharmacies, mass
merchandisers, and discount specialty merchandise retail stores).

11.        Whether the relevant line of commerce is discount general merchandise
retail stores or discounted general merchandise in retail stores depends on the specifics
of the geographic market at issue, such as population density and the density and
proximity of the Defendants' stores and competing retailers.

### V. THE RELEVANT GEOGRAPHIC MARKETS

12.     The relevant geographic markets in which to analyze the competitive effects of the
Acquisition are local markets. The size of the geographic market depends on the specific area
at issue.  In highly urban areas, the geographic markets are generally no broader than a half-
mile radius around a given store.  In highly rural areas, the geographic market is generally no

narrower than a three-mile radius around a given store.  In areas neither highly urban nor

highly rural, the geographic market is generally within a half-mile to three-mile radius around

a given store.

## VI. ENTRY CONDITIONS

13.     Entry into the relevant markets that is timely and sufficient to prevent

or deter the expected anticompetitive effects of the Acquisition is unlikely.  Entry

barriers include the time, costs, and feasibility (which may be limited by restrictive-

use covenants in lease agreements) associated with identifying and potentially

constructing an appropriate and available location for a discount general merchandise

retail store; the resources required to support one or more new stores over a prolonged

ramp-up period; and the sufficient scale to compete effectively.

## VII. EFFECTS OF ACQUISTION

14.     The Acquisition, if consummated, is likely to substantially lessen competition in

the relevant line of commerce in the following ways, among others:

     a.     by eliminating direct and substantial competition between Defendants

        Dollar Tree and Family Dollar; and

     b.     by increasing the likelihood that Defendant Dollar Tree will unilaterally

        exercise market power.

15.     The ultimate effect of the Acquisition would be to increase the likelihood that

prices of discounted general merchandise will increase, and that the quality, selection, and

services associated with the sale of such merchandise will decrease, in the relevant

geographic markets.

## VIII. VIOLATIONS ALLEGED

**A.     First Cause of Action**

16.     Plaintiff States repeat and reallege every preceding allegation as if fully set forth herein.

17.     The agreement described in Paragraph 8 constitutes a violation of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18.

**B.     Second Cause of Action**

18.     Plaintiff States repeat and reallege every preceding allegation as if fully set forth herein.

19.     The Merger, if consummated, would violate or threaten to violate the prohibitions contained in the following state statutes:

a.     Florida: Florida Antitrust Act, Fla. Stat. § 542.28, *et seq.* and the Florida Deceptive and Unfair Trade Practice Act, Fla. Stat. § 501.201, *et seq.*

b.     Maine: Maine Monopolies and Profiteering law, 10 M.R.S. § 1101 *et seq.*

c.     Missouri: Missouri Antitrust Act, Mo. Rev. Stat.  §§ 416.011-416.161.

d.     Alabama: Alabama Unlawful Trade Practices Act, Ala. Code § 8-19-5, *et seq.*

e.     Indiana:  Indiana Antitrust Act, Ind. Code § 24-1 *et seq.*

f.     Iowa: Iowa Code Chapter 553 (the Iowa Competition Law).

g.     Maryland:  Maryland Antitrust Act, Md. Code Ann., Com. Law § 11-201. *et seq.*

h.     Massachusetts: The Massachusetts Consumer Protection Act, Mass. Gen, Laws ch. 93A, § 2.

i.      Mississippi: Mississippi Antitrust Act, Miss. Code Ann. Section 75-21-1 *et seq.*

j.      Oklahoma: Oklahoma Antitrust Reform Act, 79 O.S. § 201 *et seq.*

k.      Nebraska: Nebraska: Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq.* and Nebraska Attorney General's Antitrust Authority, Neb. Rev. Stat. § 84-211 through § 84-214.

l.      Pennsylvania: The Commonwealth of Pennsylvania asserts a claim under Pennsylvania common law doctrine against unreasonable restraint of trade.  The Commonwealth of Pennsylvania, by and through its Attorney General, can bring an antitrust suit as *parens patriae* on behalf of natural persons.  *See* Commonwealth Attorneys Act, 71 P.S. § 732-204 (c).

m.      Tennessee: Tennessee Trade Practices Act, Tenn. Code Ann. § 47-25-101 *et seq.*

n.      Virginia: The Virginia Antitrust Act, Virginia Code § 59.1-9.1 to 9.17.

o.      Vermont: Vermont Consumer Protection Act, 9 V.S.A. §§ 2451, *et. seq.*

p.      Utah: Utah Antitrust Act, Utah Code Sections 76-10-3101 through 76-10-3118.

q.      West Virginia: The West Virginia Antitrust Act, W.Va. Code §§ 47-18-1 *et seq.*

## IX. REQUESTED RELIEF

Accordingly, the Plaintiff States request this Court:

(A)      Adjudicate that the acquisition by Dollar Tree of Family Dollar violates Section 7 of the Clayton Act, 15 U.S.C. § 18, and the laws of the Plaintiff States as alleged above;

(B)     Preliminarily and permanently enjoin Dollar Tree from carrying out the Merger,

or from combining its own and Family Dollar's assets and operations in any

other manner;

(C)     Award Plaintiff States their reasonable costs and attorneys' fees; and

(D)     Award such other further relief as the Court may deem just and proper.

Respectfully submitted,

**STATE OF FLORIDA**
PAMELA JO BONDI
ATTORNEY GENERAL


PATRICA A CONNERS
Associate Deputy Attorney General
LIZABETH A. BRADY
Chief of Multistate Antitrust Enforcement
Office of the Attorney General of Florida
The Capitol, PL-O1
Tallahassee, FL 32399-1050
(850) 414-3851
Liz.Brady@myfloridalegal.com


**ATTORNEYS FOR THE STATE OF FLORIDA**

STATE OF MAINE
JANET T. MILLS
Attorney General of Maine


CHRISTINA M. MOYLAN
Assistant Attorney General
Office of Maine Attorney General
Consumer Protection Division
6 State House Station
Augusta, ME 04333-0006
207/626-8800
christina.moylan@maine.gov


**ATTORNEYS FOR THE STATE OF MAINE**

**STATE OF MISSOURI**
CHRIS KOSTER
ATTORNEY GENERAL


*Anne E. Schneider*
_____
ANNE SCHNEIDER
Assistant Attorney General/Antitrust Counsel
Office of the Attorney General
PO Box 899
Jefferson City, MO 65102
(573) 751-7445
Anne.Schneider@ago.mo.gov


**ATTORNEYS FOR THE STATE OF MISSOURI**

**STATE OF ALABAMA**
LUTHER STRANGE
State of Alabama Attorney General



JEFFERY H. LONG
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL  36130
 (334) 353-9171
 (334) 242-7391 (fax)
jlong@ago.state.al.us



**ATTORNEYS FOR THE STATE OF ALABAMA**

STATE OF INDIANA
GREGORY F. ZOELLER
ATTORNEY GENERAL


Richard M. Bramer
Deputy Attorney General
Director, Consumer Protection Division
302 West Washington Street, 5th Floor
Indianapolis, IN 46204
317-232-1008
Richard.Bramer@atg.in.gov


**ATTORNEYS FOR THE STATE OF INDIANA**

*Complaint in re: Plaintiff States v. Dollar Tree, Inc. and Family Dollar Stores, Inc.*

**STATE OF IOWA**
THOMAS J. MILLER
Attorney General of Iowa

LAYNE M. LINDEBAK
Assistant Attorney General
Special Litigation Division
Hoover Office Building-Second Floor
1305 East Walnut Street
Des Moines, IA 50319
Tel:  (515) 281-7054
Fax:  (515) 281-4902

**ATTORNEYS FOR THE STATE OF IOWA**

*Complaint In Re:  Plaintiff States v. Dollar Tree, Inc. and Family Dollar Stores, Inc.*

**STATE OF MARYLAND**
BRIAN E. FROSH
ATTORNEY GENERAL


*Ellen S Cooper*
ELLEN S. COOPER
Chief, Antitrust Division
JOHN R. TENNIS
Deputy Chief, Antitrust Division
200 St. Paul Place, 19th Floor
Baltimore, MD  21202-2021
(410) 576-6470
jtennis@oag.state.md.us


**ATTORNEYS FOR THE STATE OF MARYLAND**

**COMMONWEALTH OF MASSACHUSETTS**
MAURA HEALEY
ATTORNEY GENERAL


*Michael B. Mackenzie*

MICHAEL B. MACKENZIE
Assistant Attorney General
WILLIAM T. MATLACK
Chief, Antitrust Division
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
617-963-2369
Michael.mackenzie@state.ma.us


**ATTORNEYS FOR THE COMMONWEALTH OF
MASSACHUSETTS.**

**STATE OF MISSISSIPPI**
JIM HOOD
ATTORNEY GENERAL


CRYSTAL UTLEY SECOY
SPECIAL ASSISTANT ATTORNEY GENERAL
MSBN 102132
Consumer Protection Division
Mississippi Attorney General's Office
Post Office Box 22947
Jackson, Mississippi 39225
Telephone: (601) 359-4213
Fax: (601) 359-4231
cutle@ago.state.ms.us


**ATTORNEYS FOR THE STATE OF MISSISSIPPI**

**STATE OF NEBRASKA**
DOUGLAS J. PETERSON
ATTORNEY GENERAL


*Collin Kessner*
_____
Collin Kessner
Assistant Attorney General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-2683
Fax: (402) 471-4725
collin.kessner@nebraska.gov


**ATTORNEYS FOR THE STATE OF NEBRASKA**

STATE OF OKLAHOMA
E. SCOTT PRUITT
ATTORNEY GENERAL


_Rachel Irwin_
_____
Rachel A. Irwin, oba #31598
Assistant Attorney General
Public Protection Unit
Office of the Oklahoma Attorney General
393 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-1015
Fax: (405) 522-0085


**ATTORNEYS FOR THE STATE OF OKLAHOMA**

_Complaint in re: Plaintiff States v. Dollar Tree, Inc. and Family Dollar Stores, Inc._

COMMONWEALTH OF PENNSYLVANIA
KATHLEEN KANE
ATTORNEY GENERAL

Tracy Wertz
Chief Deputy Attorney General


_____
Jennifer Kirk
Deputy Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-4530

ATTORNEYS FOR THE COMMONWEALTH OF PENNSYLVANIA

*Complaint in re: Plaintiff States v. Dollar Tree, Inc. and Family Dollar Stores, Inc.*

**STATE OF TENNESSEE**
HERBERT H. SLATERY III
Attorney General & Reporter of Tennessee




VICTOR J. DOMEN, JR.
Senior Counsel
Office of the Tennessee Attorney General
500 Charlotte Avenue
Nashville, TN   37202
(615) 253-3327
Vic.Domen@ag.tn.gov

**ATTORNEYS FOR THE STATE OF TENNESSEE**

*Complaint in re:  Plaintiff States v. Dollar Tree, Inc. and Family Dollar Stores, Inc.*

STATE OF VERMONT
WILLIAM H. SORRELL
Vermont Attorney General


Jill S. Abrams
Assistant Attorney General
109 State Street
Montpelier, VT 05609
802-828-1106
Jill.Abrams@state.vt.us

ATTORNEYS FOR THE STATE OF VERMONT

*Complaint in re:  Plaintiff States v. Dollar Tree, Inc. and Family Dollar Stores, Inc.*

**FOR PLAINTIFF COMMONWEALTH OF VIRGINIA:**
MARK R. HERRING
Attorney General of Virginia

CYNTHIA E. HUDSON
Chief Deputy Attorney General

JEFFREY M. BOURNE
Deputy Attorney General
Transportation, Real Estate, & Construction Division

DAVID B. IRVIN
Senior Assistant Attorney General and Chief
Consumer Protection Section


By: _Sarah Oxenham Allen_
SARAH OXENHAM ALLEN
Assistant Attorney General
Consumer Protection Section
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
Tel: (804) 786-6557
Fax: (804) 786-0122
SOAllen@oag.state.va.us

TYLER T. HENRY
Fellow
Consumer Protection Section
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
Tel: (804) 692-0485
THenry@oag.state.va.us


**ATTORNEYS FOR THE COMMONWEALTH OF VIRGINIA**

**STATE OF UTAH**
SEAN D. REYES
Attorney General of Utah




DAVID SONNENREICH
Assistant Attorney General
RONALD J. OCKEY
Assistant Attorney General
Office of the Attorney General of Utah
Markets and Financial Frauds Division
160 East 300 South, Fifth Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone:  801-366-0310
FAX:  801-366-0315
dsonnenreich@utah.gov
rockey@utah.gov


**ATTORNEYS FOR THE STATE OF UTAH**

*Complaint  in re:  Plaintiff States v. Dollar Tree, Inc. and Family Dollar Stores, Inc.*

**STATE OF WEST VIRGINIA**
PATRICK MORRISEY
ATTORNEY GENERAL


_____
DOUGLAS L. DAVIS
Assistant Attorney General
Office of the Attorney General of West Virginia
812 Quarrier St.
P. O. Box 1789
Charleston, WV  25326
(304) 558-8986
Douglas.L.Davis@wvago.gov

**ATTORNEYS FOR THE STATE OF WEST VIRGINIA**